# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WEICHANG GUAN, HUAN NING HUANG, HUI LIN, ZILIN WU, XIAODONG "ERIC" ZHANG, SHIYOU ZHENG, XIULI ZHENG, JINSHU ZHU, and ZE "ROY" WANG<br><br>*Plaintiffs*,<br><br>-v-<br><br>HOT POT BOSTON I LLC, d/b/a "Happy Lamb Hot Pot," MICHAEL PUILEUNG LUK, KONG WAI "WILLIAM" CHEUNG, BIN "EASON" ZHANG and JINLING "ELAINE" HUANG;<br><br>*Defendants*. | Civil Action No:<br>1:18-CV-122650-NMG |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants Hot Pot Boston I LLC, d/b/a "Happy Lamb Hot Pot," Michael Puileung Luk, Kong Wai "William" Cheung, Bin "Eason" Zhang, and Jinling "Elaine" Huang (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the Complaint of Plaintiffs Weichang Guan, Huan Ning Huang, Hui Lin, Zilin Wu, Xiaodong "Eric" Zhang, Shiyou Zheng, Xiuli Zheng, Jinshu Zhu, and Ze "Roy" Wang (collectively, "Plaintiffs"), as follows:

## INTRODUCTION

1. This paragraph describes generally the allegations in this lawsuit and conclusions of law, and no response by Defendants is required. To the extent a response is required, Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 1.

2. Defendants admit that a second location of Happy Lamb Hot Pot was opened in Boston's Chinatown. Defendants deny the remaining allegations of paragraph 2.

3. Defendants deny the allegations of paragraph 3.

4. This paragraph state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 4.

5. Defendants deny that Plaintiffs are entitled to any of the relief sought in paragraph.

## JURISDICTION AND VENUE

6. The allegations of paragraph 6 state a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 6.

7. The allegations of paragraph 7 state a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 7.

## PARTIES

*Plaintiffs*

8. Defendants admit that Plaintiff Weichang Guan was employed by defendant Hot Pot Boston 1 LLC (d/b/a "Happy Lamb Hot Pot in Cambridge"). Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 8.

9. Defendants admit that Plaintiff Huan Ning Huang was employed by Happy Lamb Hot Pot in Cambridge. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 9.

10. Defendants admit that Plaintiff Hui Lin was employed by Happy Lamb Hot Pot in Cambridge. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 10.

11. Defendants admit that Plaintiff Zilin Wu was employed by Happy Lamb Hot Pot in Cambridge. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 11.

12. Defendants admit that Plaintiff Ziaodong "Eric" Zhang was and remains employed by Happy Lamb Hot Pot in Cambridge. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 12.

13. Defendants admit that Plaintiff Zhiyou Zheng was employed by Happy Lamb Hot Pot in Cambridge. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 13.

14. Defendants admit that Plaintiff Xiu Li Zheng was employed by Happy Lamb Hot Pot in Cambridge. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 14.

15. Defendants admit that Plaintiff Jinshu Zhu was employed by Happy Lamb Hot Pot in Cambridge. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 15.

16. Defendants admit that Plaintiff Ze "Roy" Wang was employed by Happy Lamb Hot Pot in Cambridge. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 16.

*Defendants*

17. Defendants admit the allegations of the introductory lines of paragraph 17.

a. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations in paragraph 17(a).

b. Defendants admit that Defendant Happy Lamb Hot Pot is registered to do business in the Commonwealth of Massachusetts. Defendants further admit that in June 2015, Defendant Michael Puileng Luk was listed as a co-manager. Defendants lack sufficient knowledge or information upon which to form a belief as to the remaining allegations in paragraph 17(b).

c. The allegations contained in paragraph 17(c) refer to a document which speaks for itself and requires no response by Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations in paragraph 17(c).

d. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations in paragraph 17(d).

e. Defendants deny the allegations contained in the first sentence of paragraph 17(e). Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations in paragraph 17(e).

18. Defendants admit the allegations of the introductory lines of paragraph 18.

a. The allegations contained in Paragraph 18(a) refer to documents which speak for themselves and requires no response by Defendants. To the extent a response is required, Defendants admit the allegations in paragraph 18(a).

b. Defendants admit that Michael Puileung Luk was listed as a Manager of Happy Lamb Hot Pot in Cambridge in 2016 and part of 2017. Defendants deny the remaining allegations in paragraph 18(b).

    c. The allegations of paragraph 18(c) state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 18(c).

    d. Defendants deny the allegations of paragraph 18(d).

    e. The allegations of paragraph 18(e) states a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 18(e).

19. Defendants admit the allegations of the introductory lines of paragraph 19.

    a. The allegations contained in paragraph 19(a) refer to documents which speak for themselves and requires no response by Defendants. To the extent a response is required, Defendants admit that Defendant Kong Wai "William" Cheung has been listed as sole Manager of Happy Lamb Hot Pot in Cambridge since February 2017 and has remained in that position since February 2017.

    b. Defendants deny the allegations in paragraph 19(b).

    c. Defendants deny the allegations of paragraph 19(c).

    d. The allegations of paragraph 19(d) state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 19(d).

20. Defendants admit the allegations of the introductory lines of paragraph 20.

    a. Defendants deny the allegations of paragraph 20(a).

    b. The allegations of paragraph 20(b) states a conclusion of law to which no response is required. To the extent a response is required, Defendants lack

sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 20(b).

21. Defendants admit the allegations of the introductory lines of paragraph 21.

   a. Defendants deny the truth of the allegations of paragraph 21(a).

   b. The allegations of paragraph 21(b) states a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 21(b).

## FACTUAL ALLEGATIONS

22. Defendants admit the Plaintiffs were employed by Happy Lamb Hot Pot in Cambridge. Defendants deny the remaining allegations in Paragraph 22.

23. The allegations of paragraph 23 state a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 23.

24. The allegations of paragraph 24 state a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 24.

25. The allegations of paragraph 25 state a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 25.

26. Defendants admit that Happy Lamb Hot Pot is open to customers on Mondays to Thursdays and Sundays from noon to 2:30 p.m. and 5:30 p.m. to 9:30 p.m.; on Fridays from noon

to 2:30 p.m. and 5 p.m. to 10 p.m.; and on Saturdays from noon to 10 p.m. Defendants deny the remaining allegations in paragraph 26.

27. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 27.

28. Defendant Happy Lamb Hot Pot admits that it provided payment to its employees on a bi-weekly basis from February 2016 until 2018, when Defendant Happy Lamb Hot Pot switched to a weekly payment schedule. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. Defendants admit that paystub amounts varied for some employees. Defendants deny the remaining allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Defendants admit that all required withholdings were deducted from its employees' earnings, and certain checks and paystubs reflected such required withholdings. Defendants deny the remaining allegations of paragraph 32.

33. Defendants admit that certain employees received wages in cash. Defendants deny the remaining allegations of paragraph 33.

34. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 34.

35. Defendants deny the allegations of paragraph 35.

36. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 36(a)-(f).

37. This paragraph 37(a)-(e) describes generally the allegations in this lawsuit and conclusions of law, and no response by Defendants is required. To the extent a response is required, Defendants deny the allegations of paragraph 37(a)-(e).

*Stolen Tips*

38. The allegations of paragraph 38(a)-(h) state conclusions of law to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any of the relief sought, and further deny any allegations or inferences of wrongdoing or illegality.

*Minimum Wage*

39. The allegations of paragraph 39 states a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 39, and further deny that Plaintiffs are entitled to any of the relief sought.

40. Defendants deny to the allegations of paragraph 40, and further deny that the Plaintiff is entitled to any relief sought.

41. Defendants deny to the allegations of paragraph 41, and further deny that the Plaintiff is entitled to any relief sought.

42. Defendants deny to the allegations of paragraph 42, and further deny that the Plaintiff is entitled to any relief sought.

43. Defendants deny to the allegations of paragraph 43, and further deny that the Plaintiff is entitled to any relief sought.

44. Defendants deny to the allegations of paragraph 44, and further deny that the Plaintiff is entitled to any relief sought.

45. Defendants deny to the allegations of paragraph 45, and further deny that the Plaintiff is entitled to any relief sought.

46. Defendants deny to the allegations of paragraph 46, and further deny that the Plaintiff is entitled to any relief sought.

47. Defendants deny to the allegations of paragraph 47, and further deny that the Plaintiff is entitled to any relief sought.

48. The allegations of paragraph 48 state conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 48.

*Overtime*

49. Defendants deny the allegations of paragraph 49.

50. Defendants deny to the allegations of paragraph 50, and further deny that the Plaintiff is entitled to any relief sought.

51. Defendants deny to the allegations of paragraph 51, and further deny that the Plaintiff is entitled to any relief sought.

52. Defendants deny to the allegations of paragraph 52, and further deny that the Plaintiff is entitled to any relief sought.

53. Defendants deny to the allegations of paragraph 53, and further deny that the Plaintiff is entitled to any relief sought.

54. Defendants deny to the allegations of paragraph 54, and further deny that the Plaintiff is entitled to any relief sought.

55. Defendants deny to the allegations of paragraph 55, and further deny that the Plaintiff is entitled to any relief sought.

56. Defendants deny to the allegations of paragraph 56, and further deny that the Plaintiff is entitled to any relief sought.

57. Defendants deny the allegations of paragraph 57.

*Earned Sick Time*

58. Defendants deny the allegations of paragraph 58.

59. Defendants deny the allegations of paragraph 59.

60. Defendants deny the allegations of paragraph 60.

61. Defendants deny the allegations of paragraph 61.

62. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 62.

*Retaliation*

63. Defendants admit Lingling "Isabella" Li did complain to Defendant Wai "William" Cheung regarding Defendant Bin "Eason" Zhang during mid-December 2016. Defendants deny the remaining allegations of paragraph 63.

64. Defendants deny the allegations in paragraph 64.

65. Defendants deny the allegations in paragraph 65.

66. Defendants deny the allegations in paragraph 66.

67. Defendants deny the allegations in paragraph 67.

68. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 68.

69. Paragraph 69 states a conclusion of law to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief sought.

*Unsafe Work Conditions*

70. Defendants deny the allegation in paragraph 70.

71. Defendants deny the allegations in paragraph 71.

72. Defendants deny the allegations in paragraph 72.

*Plaintiffs obtain a Private Right of Action from the Massachusetts Attorney General*

73. Defendants admit the allegations in paragraph 73.

## COUNT ONE
## FAILURE TO PAY OVERTIME WAGES
(29 U.S.C. §§ 207; 216(b))

74. Defendants hereby incorporate the responses to paragraphs 1 through 73 above as if fully set forth herein.

75. Defendants deny the allegations in paragraph 75.

76. Paragraph 76 states a conclusion of law to which no response is required.

## COUNT TWO
## NONPAYMENT OF WAGES
(M.G.L. c. 149, §§ 148 and 150)

77. Defendants hereby incorporate the responses to paragraphs 1 through 76 above as if fully set forth herein.

78. Paragraph 78 states a conclusion of law to which no response is required.

## COUNT THREE
## FAILURE TO PAY MINIMUM WAGE
(M.G.L. c. 151, §§ 1 and 7; 29 U.S.C. §§ 203(m), 206)

79. Defendants hereby incorporate the responses to paragraphs 1 through 78 above as if fully set forth herein.

80. Defendants deny the allegations in paragraph 80.

81. The allegations of paragraph 81 state a conclusion of law to which no response is required. Furthermore, Defendants deny that Plaintiffs are entitled to the relief sought.

## COUNT FOUR
## FAILURE TO PROPERLY ADMINISTER TIP POOL
(M.G.L. c. 149 § 152A)

82. Defendants hereby incorporate the responses to paragraphs 1 through 81 above as if fully set forth herein.

83. Defendants deny the allegations of paragraph 83.

84. Defendants deny the allegations of paragraph 84.

85. The allegations of paragraph 85 state a conclusion of law to which no response is required. Furthermore, Defendants deny that Plaintiffs are entitled to the relief sought.

## COUNT FIVE
## FAILURE TO COMPLY WITH THE MASSACHUSETTS
## EARNED SICK TIME LAW
M.G.L. c. 149, §§ 148C and 150)

86. Defendants hereby incorporate the responses to paragraphs 1 through 85. above as if fully set forth herein.

87. Defendants deny the allegations in paragraph 87.

88. Defendants deny the allegations in paragraph 88.

89. The allegations in paragraph 89 state a conclusion of law to which no response is required.

90. The allegations of paragraph 90 state a conclusion of law to which no response is required. Furthermore, Defendants deny that Plaintiffs are entitled to the relief sought.

# COUNT SIX
# RETALIATION
## (M.G.L. c. 149, § 148A, c. 151, § 19; 29 U.S.C. § 215(a)(3))
(as to Plaintiff Shiyou Zheng only)

91. Defendants hereby incorporate the responses to paragraphs 1 through 90 above as if fully set forth herein.

92. The allegations in paragraph 92 state a conclusion of law to which no response is required.

93. Defendants deny that Lingling "Isabella" Li presented Defendant Kong Wai "William" Cheung with complaints from Plaintiff Shiyou Zheng in December 2016. As to the remaining allegations in paragraph 93, Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations.

94. Defendants deny the allegations of paragraph 94.

95. The allegations of paragraph 95 state a conclusion of law to which no response required.

## RELIEF SOUGHT

Defendants deny that Plaintiffs are entitled to any of the relief sought in the Prayer for Relief set forth in the Amended Complaint. Defendants further deny any allegations or inferences of wrongdoing or illegality in the Amended Complaint and deny that Plaintiffs are entitled to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted herein.

## AFFIRMATIVE DEFENSES

Defendants hereby assert and state the following affirmative defenses:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendants pay their employees properly and have not violated any wage or tip laws.

3. The plaintiffs have failed to mitigate the alleged damages.

4. The claims of plaintiffs are barred to the extent that the claims arose earlier than the applicable statute of limitations period.

5. The plaintiffs have waived the right to the relief sought in the Complaint

6. The plaintiffs are estopped from obtaining the relief sought in the Complaint

7. The plaintiffs do not having standing to assert the claims in the Complaint.

8. The plaintiffs have suffered no damages as a result of any conduct that is legally attributable to Defendants. Any damages suffered were the result of conduct of others for whom Defendants are not legally responsible.

9. The relief sought would unjustly enrich the plaintiffs and should therefore be denied.

10. The plaintiffs' claims are barred by virtue of his/their own inequitable conduct and "unclean hands."

11. Michael Puileung Luk, Kong Wai "William" Cheung, Bin "Eason" Zhang, and Jinling "Elaine" Huang do not bear any personal responsibility for the claims asserted, as they are not proper Defendants under the statutes relied upon by the plaintiffs.

12. Statutory trebling of damages is unconstitutional under the facts alleged by the plaintiffs.

13. The plaintiffs' claims are barred by laches.

14. The plaintiffs' claims for damage are barred or subject to offset, set-off, recoupment, and/or reduction and/or subject to the defense of payment to the extent that their wages were supplemented by tips and/or to the extent plaintiffs' have already been paid.

15. The plaintiffs' claims for damages are pre-empted by the Workers' Compensation Act to the extent the claims seek a remedy for any alleged mental, emotional, or physical injuries.

16. There is an improperly named Defendant, and the Complaint must therefore be dismissed.

17. Plaintiffs are barred, in whole or in part, from recovery of damages as alleged and prayed for in the Amended Complaint to the extent that they received any unearned payments from the Defendants or, alternatively, any such payments received by Plaintiffs should be an offset to any recover in this action.

## **RESERVATION OF RIGHTS**

Defendants hereby reserve the right to assert additional defenses upon the discovery of further information regarding the Plaintiffs' claims and upon the development of other relevant information.

WHEREFORE, the Defendants hereby request that the Court:

1. Dismiss the Complaint;

2. Enter judgment for the Defendants and against the Plaintiffs;

3. Award the Defendants their costs and expenses; and

4. Award the Defendants such other and further relief as is just and appropriate.

Respectfully submitted,

HOT POT BOSTON I LCC d/b/a "Happy Lamb Hot Pot," MICHAEL PUILEUNG LUK, KONG WAI "WILLIAM" CHEUNG, BIN "EASON" ZHANG and JINLING "ELAIN" HUANG,

By their counsel,

/s/ Jeffrey M. Rosin
Jeffrey M. Rosin, BBO# 629216
Kenton J. Villano, BBO# 685959
John B. Shinn, BBO# 672526
O'HAGAN & MEYER, PLLC
111 Huntington Ave., Ste. 2860
Boston, Massachusetts 02199
(617) 843-6800
*jrosin@ohaganmeyer.com*
*kvillano@ohaganmeyer.com*
*jshinn@ohaganmeyer.com*

Dated: November 26, 2018

**CERTIFICATE OF SERVICE**

I, Jeffrey M. Rosin, hereby certification that on November 26, 2018, I electronically filed the foregoing Defendants' Answer and Affirmative Defenses to Plaintiffs' Complaint with the Clerk of the Court for the United States District Court, District of Massachusetts, using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Jeffrey M. Rosin